UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PATRICK WAYNE MCCLENAHEN,**

      **Plaintiff,**

v.                                      **Case No:  6:12-cv-919-Orl-18GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Patrick Wayne McClenahen (hereafter "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (hereafter "Commissioner") denying his claim that he is entitled to disability benefits from March 31, 1998, rather than June 2003. Doc. No. 1. For the reasons that follow, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

**I.**     **BACKGROUND**

On June 30, 2004, Claimant filed applications for disability benefits and supplemental security income, alleging a disability onset date of December 31, 2003. R. 25, 72-74. The application for supplemental security income was granted. R. 25. The application for disability benefits was denied because Claimant's alleged date of disability was after his date last insured, September 30, 2001. R. 25. On December 11, 2006, an Administrative Law Judge (hereafter "ALJ") affirmed the grant of Claimant's application for supplemental security income. R. 26. The ALJ found that Claimant did not timely request review of the denial of his application for

disability benefits and, therefore, the decision was administratively final. R. 25. Claimant subsequently requested the Appeals Council review the ALJ's decision. R. 250.

On February 24, 2009, the Appeals Council granted review because it disagreed with the ALJ's finding that the denial of Claimant's application for disability benefits was administratively final. R. 250-52.[1] The Appeals Council found that Claimant had "consistently and repeatedly attempted to amend the alleged onset of disability to March 31, 1998," and good cause existed to accept this amended onset date. R. 250. After reviewing the record evidence, the Appeals Council determined that Claimant met the special earnings requirement of the Social Security Act from March 31, 1998 to September 30, 2001; Claimant has not engaged in substantial gainful activity since March 31, 1998; Claimant suffers from a severe mental impairment that meets the criteria in 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.03; and Claimant has been disabled since March 31, 1998. R. 251. The Appeals Council concluded that Claimant is "entitled to a period of disability beginning on March 31, 1998, and to disability insurance benefits under sections 216(i) and 223 . . . . Based on the application filed on June 30, 2004, the claimant has been disabled since March 31, 1998, under section 1615(a)(3)(A) of the Social Security Act." R. 252.

On May 16, 2009, Claimant was notified that he was entitled to monthly disability insurance benefits starting June 2003. R. 234.[2] Claimant challenged this determination, arguing that his "Social Security disability benefits should begin March 31, 1998 rather than June 2003 . . . ." R. 234. On December 20, 2010, the ALJ issued his decision. R. 234. The ALJ framed the

---

[1] The Appeals Council did not "disturb the fully favorable decision previously rendered on the claim" for supplement security income benefits. R. 250.

[2] A hearing before an ALJ was scheduled to address Claimant's challenge but the ALJ indicated that Claimant waived his appearance by indicating he "could not be present at the hearing and that he wanted his case sent back to the Appeals Council . . . ." R. 234-35, 237.

issue as "whether the claimant's entitlement to disability insurance benefits under section 216(i) and 223 of the Social Security Act began March 31, 1989 or June 2003." R. 235. The ALJ stated that the Appeals Council's decision awarding Claimant disability benefits did not "modify the retroactivity provisions of 20 CFR 404.621(a). Pursuant to 20 CFR 404.621(a), the claimant is entitled to monthly disability benefits from Social Security beginning June 2003." R. 236. Claimant once again requested the Appeals Council review the ALJ's decision. R. 225.

On June 12, 2012, the Appeals Council denied Claimant's request for review, stating:

> You contend that you should be entitled to disability benefits beginning March 1998 based on the Appeals Council's favorable decision finding that you were disabled beginning March 31, 1998.
>
> The regulations state that an individual is entitled to disability benefits if they have enough earnings to be insured for disability, file an application for benefits, are disabled as defined in the Act, and have been disabled for at least five full consecutive months.
>
> Since you were found disabled beginning March 31, 1998, the earliest you <u>could</u> have been entitled to disability benefits was September 1998.
>
> The regulations state that an individual who files an application for disability benefits after the first month they could have been entitled to disability benefits may receive benefits for up to 12 months immediately before the month in which their application was filed. Benefits will begin with the first month in this 12-month period that the individual meets all the requirements for entitlement.
>
> You filed an application for disability insurance benefits on June 30, 2004, therefore, per 20 CFR 404.621(a) you are entitled to disability benefits beginning June 2003, the maximum retroactivity allowed under the Social Security Law and Regulations.

R. 226 (emphasis in original) (internal citations omitted). Thus, the Appeals Council noted that the earliest date Claimant could have been entitled to benefits was September 1998 and that because Claimant filed his application for disability benefits after the first month he could have

been entitled to such benefits, 20 C.F.R. § 404.621(a) limits him to benefits beginning June 2003. Claimant appeals this decision. Doc. No. 1.

## II.    ANALYSIS

Claimant points out that the Appeals Council stated, in its February 24, 2009 decision, that he is "entitled to a period of disability beginning on March 31, 1998, and to disability insurance benefits under section 216(i) and 223 . . . ." R. 252. Claimant contends this statement entitles him to an award of disability benefits from March 31, 1998, not June 2003. Doc. No. 22 at 9.[3]

20 C.F.R. § 404.621 (2004) is entitled "What happens if I file after the first month I meet the requirements for benefits?" 20 C.F.R. § 404.621(a)(1) states:

> <u>If you file an application for disability benefits</u>, widow's or widower's benefits based on disability, or wife's, husband's, or child's benefits based on the earnings record of a person entitled to disability benefits, <u>after the first month you could have been entitled to them, you may receive benefits for up to 12 months immediately before the month in which your application is filed</u>. Your benefits may begin with the first month in this 12–month period in which you meet all the requirements for entitlement. Your entitlement, however, to wife's or husband's benefits under this rule is limited by paragraph (a)(3) of this section.

*Id.* (emphasis added). Thus, a claimant who files an application for disability benefits after the first month he is entitled to such benefits may only receive benefits for up to twelve (12) months before the application was filed. The Eleventh Circuit noted that "although a period of disability may be found to have begun years before a claimant submits an application for disability benefits, retroactive benefits are statutorily restricted to twelve months prior to the date on which

---

[3] Claimant also asserts that the Appeals Council did not state "what kind of disability, either Supplemental Security Income or Social Security Disability Insurance that I was to be paid." Doc. No. 22 at 4. This contention is belied by the Appeals Council's statement that Claimant is "entitled to a period of disability . . . and to disability insurance benefits . . . ." R. 252.

an application was filed." *Bivines v. Bowen*, 833 F.2d 293, 294 n.1 (11th Cir. 1987) (citing 20 C.F.R. § 404.621(a)).

Claimant does not challenge the Appeal Council's finding that Claimant has been disabled since March 31, 1998, or that the earliest date he could have been eligible for disability benefits was September 1998. R. 226, 252. Claimant does not contest the fact that he filed his application for disability benefits on June 30, 2004. R. 250. Because Claimant filed his application for disability benefits over five years after the first month he could have been entitled to benefits, "retroactive benefits are statutorily restricted to twelve months prior to the date on which an application was filed." *Id.* Stated differently, 20 C.F.R. § 404.621(a) restricts the award of past due disability benefits to the twelve month period prior to the date the application was filed, thereby precluding an award of benefits dating back to March 31, 1998. Based on the foregoing, the ALJ and Appeals Council correctly concluded that Claimant is only entitled to disability benefits starting June 2003.[4]

## III. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **AFFIRMED**; and

2. The Clerk be directed to enter judgment for Commissioner and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **The Clerk is directed to send this Report and Recommendation to Claimant by certified mail**.

---

[4] Claimant asserts that 20 C.F.R. § 404.621(a) does not apply to him because it was enacted in 2003, after his disability onset date. Doc. No. 22 at 5. This assertion is plainly incorrect because 20 C.F.R. § 404.621(a) (1996) contains the same limiting language as 20 C.F.R. § 404.621(a) (2004).

**RECOMMENDED** in Orlando, Florida on May 3, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Patrick Wayne McClenahen
414 South Palmetto Ave.
Daytona Beach, FL 32114

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Jerome M. Albanese, Branch Chief
Elyse Sharfman, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable John Marshall Meisberg, Jr.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224